UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SMITHGROUP, INC.,** | |
| Plaintiff, | **Case No. 1:24-cv-249** |
| **v.** | |
| **PURE ARCHITECTURE AND DEVELOPMENT, PLLC d/b/a Pure Architects, and MARY FREE BED REHABILITATION HOSPITAL, INC., a Michigan corporation,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff, SmithGroup, Inc. ("SmithGroup"), files this Complaint for Copyright Infringement and Application for Preliminary and Permanent Injunction against Pure Architecture and Development, PLLC d/b/a Pure Architects ("Pure Architects") and Mary Free Bed Rehabilitation Hospital, Inc. ("Mary Free Bed") (collectively "Defendants"), and alleges as follows:

## THE PARTIES

1.      Founded in 1853, Plaintiff SmithGroup is an internationally recognized architecture firm with over 1400 employees.  SmithGroup's award-winning architecture can be

1

found throughout the world in various sectors including government, health, education residential and workspace. In Michigan, SmithGroup holds offices at 500 Griswold St., Suite 1700, Detroit, Michigan and also at 201 Depot Street, Ann Arbor, Michigan.

2.      On information and belief, Defendant Pure Architects has a principal place of business at 422 Leonard St. NW, Suite 201, Grand Rapids, Michigan. The registered agent for Pure Architects is Jeffrey G. York, 200 Ottawa Ave., NW, Suite 900, Grand Rapids, Michigan.

3.      On information and belief, Defendant Mary Free Bed Rehabilitation Hospital, Inc. ("Mary Free Bed") has a principal place of business at 235 Wealthy St. SE, Grand Rapids, Michigan. The registered agent for Mary Free Bed is Ryan Podvin, 235 Wealthy St., SE, Grand Rapids, Michigan.

## JURISDICTION AND VENUE

4.      This is an action for copyright infringement under the Copyright Laws of the United States. 17 U.S.C. §501.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1338(a) (Copyrights).

6.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because Defendants are located in this District and this District is where a substantial part of the events and omissions giving rise to the asserted claims occurred.

2

**FACTUAL BACKGROUND**

**A.      Mary Free Bed Selects SmithGroup to Architect the Pediatric Rehabilitation Expansion Project and the Parties Enter an AIA Architecture Agreement**

7.      In December 2022, Mary Free Bed selected SmithGroup to provide architectural and engineering services for Mary Free Bed's expansion of its pediatric rehabilitation hospital. On March 6, 2023, Mary Free Bed issued the following announcement:



8.      On June 5, 2023, SmithGroup and Mary Free Bed entered into a standard American Institute of Architects ("AIA") Agreement setting forth the terms and conditions of the architectural services SmithGroup was to provide Mary Free Bed for the pediatric rehabilitation expansion project ("Architecture Agreement").

9.      Section 1 of the Architecture Agreement provided for a design phase with associated milestones and SmithGroup deliverables, including a "Design Kickoff" in January 2023 and a "Schematic Design Deliverable" in September 2023.

10.     Section 11 of the Architecture Agreement provided a "Stipulated Sum" for compensating SmithGroup in the event all expected SmithGroup services and deliverables were rendered.

11.     Section 7 of the Architecture Agreement memorialized that SmithGroup owns all original copyrighted subject matter ("Instruments of Service") authored by SmithGroup and provided to Mary Free Bed pursuant to the agreement.

12.     Pursuant to Section 7.3 of the agreement, Mary Free Bed received a nonexclusive license to use SmithGroup's Instruments of Service provided Mary Free Bed compensated SmithGroup as required under Section 9 of the agreement.

13.     Section 9.6 of the Architecture Agreement permitted Mary Free Bed to terminate the agreement for convenience, provided Mary Free Bed (1) compensated SmithGroup for services performed prior to termination, and (2) pay SmithGroup a "Termination Fee" equal to "2% of the remaining fee," *i.e.*, 2% of the unpaid "Stipulated Sum" specified in the Architecture Agreement.

14.     Section 9.7 of the Architecture Agreement permitted Mary Free Bed to continue using SmithGroup's Instruments of Service after the date of termination, but only if Mary Free

4

Bed first paid SmithGroup a "Licensing Fee" equal to "8% of total fee" set in the Architecture Agreement.

**B.     The SmithGroup provided copyrighted Instruments of Service to Mary Free Bed pursuant to the Architecture Agreement**

15.     Between January and September 2023, the SmithGroup provided the agreed architectural services and deliverables to Mary Free Bed pursuant to the Architecture Agreement.

16.     SmithGroup provided Mary Free Bed with access to a Microsoft Teams account that SmithGroup hosted and administered for the pediatric rehabilitation expansion project ("SmithGroup Teams Account").  SmithGroup uploaded to the SmithGroup Teams Account its Instruments of Service, including dozens of architectural renderings, sketches, site planning and other materials for the Mary Free Bed pediatric rehabilitation expansion project.

17.     Representatives from Mary Free Bed regularly accessed the SmithGroup Teams Account to view and download SmithGroup's Instruments of Service.

18.     Representatives from Mary Free Bed and SmithGroup held numerous Microsoft Teams and in-person meetings together between January and September 2023 during which SmithGroup's Instruments of Service were presented and discussed.

19.     Through the SmithGroup Teams Account, Mary Free Bed was provided access to SmithGroup's copyrighted Instruments of Service.

**C.     Mary Free Bed terminated the Architecture Agreement and did not state its intention to continue using SmithGroup's Instruments of Service**

20.     On September 8, 2023, Mary Free Bed exercised its right to terminate the Architecture Agreement with SmithGroup for convenience.

21.     On September 11, 2023, SmithGroup informed Mary Free Bed of its obligation to pay, pursuant to Section 9.6 of the Architecture Agreement, (1) the amount due for services performed prior to termination, and (2) the Termination Fee.

22.     Mary Free Bed did not agree to pay SmithGroup the Licensing Fee set forth in Section 9.7 of the Architecture Agreement authorizing Mary Free Bed to continue using SmithGroup's Instruments of Service.   Thus, upon Mary Free Bed's termination of the Architecture Agreement, Mary Free Bed had no right to continue using SmithGroup's copyrighted Instruments of Service.

23.     Mary Free Bed did not inform SmithGroup that it intended to continue using SmithGroup's copyrighted Instruments of Service following termination of the Architecture Agreement, that it intended to share SmithGroup's Instruments of Service with Pure Architects, or that Pure Architects would use SmithGroup's Instruments of Service to generate renderings for Mary Free Bed including design features substantially similar to those SmithGroup provided to Mary Free Bed.

**D.     Following termination of the Architecture Agreement, Mary Free Bed and Pure Architects copied and published derivative works based on, SmithGroup's Instruments of Service without permission**

24.     In October 2023, Mary Free Bed announced that it had engaged Pure Architects to design the pediatric rehabilitation expansion:



Conceptual rendering of Joan Secchia Children's Rehabilitation Hospital I Courtesy Pure Architects

## Designing for the Future

Pure Architects, the firm selected to design the hospital, believes "every project, every building makes an impact beyond its walls." The Grand Rapids-based firm is devoted to designing human-centered spaces and places that uplift our community and positively impact our environment. We're proud to partner with a purpose-driven team committed to building a just and equitable world for future generations.

([www.maryfreebed.com/kids/rehabilitation-hospital](www.maryfreebed.com/kids/rehabilitation-hospital))

25.     On information and belief, Mary Free Bed provided Pure Architects with access to the SmithGroup's Instruments of Service, and Pure Architects made unauthorized copies of SmithGroup's Instruments of Service to create and publish unauthorized derivative works. Under Fed. R. Civ. P. 11((b)(3), the allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

**E.      SmithGroup registered its Instruments of Service for the Mary Free Bed pediatric rehabilitation expansion project with the U.S. Copyright Office**

26.     SmithGroup's registered its copyrights in its Instruments of Service for the Mary Free Bed pediatric rehabilitation expansion project.

27.     As reflected in Exhibit 1, SmithGroup is the exclusive legal owner of a valid and enforceable copyright in its architectural work under 17 U.S.C. 102(a)(8) for the 3-Story Block Scheme for the pediatric rehabilitation expansion project, Registration No. VA 2-385-812, issued March 7, 2024 with an effective date of January 12, 2024.

28.     As reflected in the copyright registration certificate at Exhibit 2, SmithGroup is the exclusive legal owner of a valid and enforceable copyright in its architectural work under 17 U.S.C. 102(a)(8) for the L Scheme of the pediatric rehabilitation expansion project Registration No. VA 2-385-810, issued March 7, 2024 with an effective date of January 24, 2024.

29.     SmithGroup's registered copyrights in its Instruments of Service are collectively referred to as SmithGroup's "Registered Works."

**F.    There is a substantial similarity between SmithGroup's Registered Works and Pure Architects' rendering for the Mary Free Bed pediatric rehabilitation expansion**

30.    The Pure Architects rendering in ¶24 above ("Pure Architects Rendering"), which was completed and published only one month following termination of SmithGroup, contains several elements that are substantially similar to SmithGroup's Registered Works.

31.    For example, the following SmithGroup rendering provided to Mary Free Bed shows a three-story curved-face structure positioned on the northwest corner of the parcel, with a pedestrian bridge connected to the third level, substantially similar to the shape, positioning and bridge connection in the Pure Architects Rendering.

  

**SmithGroup Rendering**          **Pure Architects Rendering**

32.    The SmithGroup provided Mary Free Bed with design renderings including "ribbon window[s] w/fins." As shown below, SmithGroup's window sketch is substantially similar to window configuration included in the Pure Architects Rendering.

  

**SmithGroup Rendering**     **Pure Architects Rendering**

33.     The SmithGroup provided Mary Free Bed with design renderings including a staircase element to the right of the curved and straight ribbon windows. As shown below, the Pure Architects Rendering shows a substantially similar stair element in the same location.







**SmithGroup Renderings**     **Pure Architects Rendering**

34.     The SmithGroup provided Mary Free Bed with design renderings and proposals including exterior colored fin accents associated with the windows and other design features.  As shown below, these color window fins are substantially similar to the colored window fins included in the Pure Architects Rendering.





**SmithGroup Rendering**     **Pure Architects Rendering**

35.    The SmithGroup provided Mary Free Bed with building planning, including "rooftop gardens," another design feature copied into the Pure Architects Rendering:



**Pure Architects Rendering**

**G.    Mary Free Bed refused SmithGroup's demand that Mary Free Bed cease and desist its unauthorized usage of the SmithGroup's copyrighted Instruments of Service**

36.    On November 14, 2023, representatives of the SmithGroup sent Mary Free Bed CFO Ryan Podvin a letter demanding that Mary Free Bed "immediately cease and desist" from continued use of SmithGroup's copyrighted Instruments of Service.

37.    Representatives of Mary Free Bed denied that it had continued to use SmithGroup's Instruments of Service, refused to pay the Licensing Fee set out in the Architecture Agreement, and has not removed the Pure Architects Rendering from its website.

**CLAIM FOR COPYRIGHT INFRINGEMENT**

38.    The SmithGroup incorporates by reference the allegations contained in Paragraphs 1-37.

39.    The SmithGroup's Registered Works relating to the pediatric rehabilitation hospital expansion at Mary Free Bed Hospital are creative works of original authorship owned by SmithGroup.

40.     As of at least September 8, 2023, Mary Free Bed and Pure Architects were not authorized to copy, reproduce, prepare derivative works based upon, or distribute the SmithGroup's Registered Works.

41.     Since at least October 2023, Mary Free Bed and Pure Architects have improperly copied, reproduced, prepared derivative works based upon, and distributed the SmithGroup's Registered Works without permission.

42.     Pure Architects and Mary Free Bed, through their unauthorized use of the Registered Works, knowingly and willfully infringed and continue to infringe SmithGroup's exclusive copyrights in the Registered Works in violation of 17 U.S.C. § 501 *et seq.*

43.     As a result of the foregoing, SmithGroup is entitled to damages pursuant to 17 U.S.C. § 504.

44.     Unless the Court enjoins and restrains Pure Architects' and Mary Free Bed's infringing use of the Registered Works, SmithGroup will suffer irreparable and immediate injury and loss and damage for which SmithGroup has no adequate remedy at law.

45.     Pursuant to 17 U.S.C. § 502, SmithGroup is entitled to temporary, preliminary, and permanent injunctive relief enjoining Pure Architects and Mary Free Bed from continuing its infringing use of the Registered Works.

46.     Pursuant to 17 U.S.C. § 503, SmithGroup is entitled to remedy of seizure and impounding of all materials used in violation of SmithGroup's exclusive copyright.

47.     Pursuant to 17 U.S.C. § 503, following final deposition of the case, SmithGroup is entitled to a Court Order requiring destruction or other reasonable disposition of all copies found to have been in violation of SmithGroup's exclusive rights.

48.     Pursuant to 17 U.S.C. § 504, SmithGroup is entitled to an accounting of all gains, profits, and advantages derived by Pure Architects' and Mary Free Bed's infringement of SmithGroup's copyrights.

49.     Pursuant to 17 U.S.C. § 505, and due to Pure Architects' and Mary Free Bed's infringement of SmithGroup's copyrights, SmithGroup is entitled to an award of its attorneys' fees and expenses of litigation.

50.     Pursuant to 17 U.S.C. § 505, and due to Pure Architects' and Mary Free Bed's infringement of SmithGroup's copyrights, SmithGroup is entitled to an award of its attorneys' fees and expenses of litigation.

## APPLICATION FOR PRELIMINARY
## AND PERMANENT INJUNCTION

51.    The SmithGroup incorporates by reference the allegations contained in Paragraphs 1-50.

52.    SmithGroup request the Court preliminarily enjoin and restrain Mary Free Bed and Pure Architects, their employees and all persons acting under, and in concert with, or for them, from any and all continued use of SmithGroup's copyrighted Instruments of Service, including but not limited to the creation, copying, distribution and publication of renderings utilizing SmithGroup's Registered Works and derivative works thereof.

53.    SmithGroup's allegations above establish copyright infringement arising from the Defendants' access to SmithGroup's copyrighted Instruments of Service, and a substantial similarity between SmithGroup's Instruments of Service and the Pure Architects Renderings published on Mary Free Bed's website today.  For these reasons, SmithGroup is likely to succeed at trial on its copyright claim.

54.    SmithGroup is and will continue to be irreparably harmed by the public, uncontrolled and unauthorized use of its copyrighted material by Mary Free Bed and Pure Architects in a manner that cannot be compensated by legal damages.  For example, there is a high likelihood that potential SmithGroup clients in the small market segment of pediatric rehabilitation treatment facility architecture will be confused over the authorship of the Pure Architect's Rendering published on Mary Free Bed's website. Potential clients in that market are likely to view the Pure Architects Rendering as original work of Pure Architects, as opposed to an unauthorized derivative work of SmithGroup. This likely confusion over the original source of the creative expression reflected in the Pure Architects' rendering is likely to drive clients in the pediatric medical market to Pure Architects that would have otherwise gone to SmithGroup

for architectural services in that segment.  This is especially true in the Michigan and the Midwest market where both SmithGroup and Pure Architects are located.  This irreparable harm will be compounded as the building project at Mary Free Bed continues and structures incorporating SmithGroup's copyrighted architecture are erected.

55.     Money damages that might be awarded to SmithGroup due to Mary Free Bed and Pure Architect's copyright infringement will not prevent or account for SmithGroup's likely loss of reputation and clientele in the pediatric rehabilitation market arising from the ongoing copyright infringement.  This ongoing harm to SmithGroup is difficult or impossible to quantify, causing irreparable harm for which there is no adequate remedy at law.

56.     Entry of preliminary and permanent injunctive relief preventing Mary Free Bed and Pure Architects from continued improper use and publication of SmithGroup's copyrighted Instruments of Service will have no undue impact on Mary Free Bed or Pure Architects, as both are free to use their own non-infringing creativity in the design of the pediatric rehabilitation center expansion.

57.     The public interest strongly favors the protection and preservation of SmithGroup's exclusive copyrights to its original work of authorship, as mandated in Article III of the U.S. Constitution.  And the public interest is not hampered by the prohibition against the continued improper use of SmithGroup's copyrighted subject matter because Mary Free Bed and Pure Architects are free to substitute their own non-infringing creativity in the design of the pediatric rehabilitation center expansion.

58.      For these reasons, SmithGroup is entitled to, and hereby requests, the Court preliminarily and permanently enjoin and restrain Mary Free Bed and Pure Architects, their employees and all persons acting under, and in concert with, or for them, from any and all

continued use of SmithGroup's copyrighted Instruments of Service, including but not limited to the creation, copying, distribution and publication of renderings utilizing SmithGroup's Registered Works and derivative works thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, the SmithGroup pray for judgment as follows:

a.  That the Court enter judgment in favor of SmithGroup pursuant to 17 U.S.C. § 501 finding that Defendants have infringed SmithGroup's copyrights;

b.  That pursuant to 17 U.S.C. § 502 the Court preliminarily and permanently enjoin Defendants, their employees and all persons acting under, and in concert with, or for them, from any and all continued use of SmithGroup's copyrighted Instruments of Service, including but not limited to the creation, copying, distribution and publication of renderings utilizing SmithGroup's original works of authorship or derivative works thereof;

c.  That pursuant to 17 U.S.C. § 503 the Court order the impounding of all SmithGroup copyrighted Instruments of Service in the possession, custody or control of the Defendants;

d.  That pursuant to 17 U.S.C. § 504 the Court award SmithGroup damages, to the extent they can be calculated, resulting from Defendants' copyright infringement, together with interest (both pre and post-judgment) and costs;

e.  That pursuant to 17 U.S.C. § 505 the Court award SmithGroup its full costs and attorney fees incurred in this matter;

f.  That the Court provide for trial by jury on all issues triable by jury; and

g. That the Court grant such other and further relief in law or in equity to which SmithGroup may be entitled.

## <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff SmithGroup demands a jury trial of all issues triable by jury.

Dated: March 11, 2024

Respectfully submitted,

*/s/ John S. LeRoy*
John S. LeRoy (P61964)
**BROOKS KUSHMAN P.C.**
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: jleroy@brookskushman.com

*Attorneys for Plaintiff*