UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SMITHGROUP, INC.

                                              Case No.: 1:24-CV-249
            Plaintiff,                        Hon. Robert J. Jonker

v.

PURE ARCHITECTURE AND
DEVELOPMENT, PLLC d/b/a Pure
Architects, and MARY FREE BED
RECHABILITATION HOSPITAL, INC.,
a Michigan Corporation,

            Defendants.

_____/

| | |
|---|---|
| John S. LeRoy | John G. Cameron, Jr. |
| BROOKS KUSHMAN P.C. | K. Scott Hamilton |
| Attorney for Plaintiff | Christopher A. Cornwall |
| 150 W. Second St., Ste. 400N | DICKINSON WRIGHT PLLC |
| Royal Oak, MI  48067 | Attorneys for Defendants |
| (248) 358-4400 | 500 Woodward Ave., Ste. 4000 |
| jleroy@brookskushman.com | Detroit, MI 48226 |
| | (313) 223-3500 |
| | jcameron@dickinsonwright.com |
| | khamilton@dickinsonwright.com |
| | ccornwall@dickinsonwright.com |

_____/

**DEFEDANTS' MOTION TO DISMISS
COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)
OR, ALTERNATIVELY, TO COMPEL ARBITRATION**

**ORAL ARGUMENT REQUESTED**

Defendants Pure Architecture and Development, PLLC d/b/a Pure Architects, and Mary Free Bed Rehabilitation Hospital, Inc. (collectively "Defendants"), by and through counsel Dickinson Wright PLLC, move under Fed. R. Civ. P. 12(b)(6) to dismiss SmithGroup Inc.'s complaint for failure to state a claim upon which relief can be granted or, in the alternative, to compel arbitration and to stay this action pending arbitration.

In support of this Motion, Defendants, rely upon the accompanying Brief in Support.

Defendants sought, but did not obtain, concurrence from counsel for Plaintiff on Thursday, March 28, 2024.

By:   /s/ K. Scott Hamilton
      K. Scott Hamilton
      John G. Cameron
      Christopher A. Cornwall
      Attorneys for Defendants
      500 Woodward Avenue, Suite 4000
      Detroit, MI  48226
      (313) 223-3500
      KHamilton@dickinsonwright.com
      JCameron@dickinsonwright.com
Dated: March 28, 2024       CCornwall@dickinsonwright.com

4885-8133-0610 v1 [61042-2]

2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SMITHGROUP, INC.

                Plaintiff,

v.

PURE ARCHITECTURE AND
DEVELOPMENT, PLLC d/b/a Pure
Architects, and MARY FREE BED
RECHABILITATION HOSPITAL, INC.,
a Michigan Corporation,

                Defendants.

Case No.: 1:24-CV-249
Hon. Robert J. Jonker

_____/

| | |
|---|---|
| John S. LeRoy | John G. Cameron, Jr. |
| BROOKS KUSHMAN P.C. | K. Scott Hamilton |
| Attorney for Plaintiff | Christopher A. Cornwall |
| 150 W. Second St., Ste. 400N | DICKINSON WRIGHT PLLC |
| Royal Oak, MI  48067 | Attorneys for Defendants |
| (248) 358-4400 | 500 Woodward Ave., Ste. 4000 |
| jleroy@brookskushman.com | Detroit, MI 48226 |
| | (313) 223-3500 |
| | jcameron@dickinsonwright.com |
| | khamilton@dickinsonwright.com |
| | ccornwall@dickinsonwright.com |

_____/

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER FED. R.
CIV. P. 12(b)(6) OR, ALTERNATIVELY, TO COMPEL ARBITRATION**

**ORAL ARGUMENT REQUESTED**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................i-ii

QUESTIONS PRESENTED.................................................................. iii

I.      STATEMENT OF FACTS..................................................................1

        A.      Introduction. ......................................................................1
        B.      Relevant Facts. ..................................................................2

II.     ARGUMENT...................................................................................4

        A.      Standard of Review. ..........................................................4

        B.      Plaintiff's Copyright Claim Must Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because Plaintiff Waived It Under the Agreement. ...............6

                1.      Relevant Agreement Provisions...................................6

                2.      Relevant Contract Principles.......................................7

                3.      Plaintiff Waived Its Copyright Claim By Failing to Assert It  in Accordance with the Agreement. ........................8

        C.      Alternatively, If Not Dismissed Plaintiff's Copyright Claim Must Be Arbitrated...........................................................................15

                1.      A valid agreement to arbitrate exists. ......................16

                2.      Plaintiff's copyright claim is within the scope of the agreement to arbitrate. .................................................16

                3.      The present action should be stayed pending arbitration..........16

III.    CONCLUSION...............................................................................17

# TABLE OF AUTHORITIES

## Cases

*Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161 (6th Cir. 1992)......................16

*Arabian Motors Group W.L.L. v. Ford Motor Co.,* 19 F.4th 938 (6th Cir. 2021) ....................................................................................................................8

*Bailey v Antrim County,* 341 Mich. App. 411; 990 N.W.2d 372 (2022)..................9

*Barshaw v. Allegheny Performance Plastics, LLC*, 334 Mich. App. 741; 965 N.W.2d 729 (2020) ...............................................................................7

*Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008)...................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................4

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)...............................................4

*Fast Air, Inc. v. Knight,* 235 Mich. App. 541; 599 N.W.2d 489 (1999) ..................9

*Fazio v Lehman Bros., Inc.,* 340 F.3d 386 (6th Cir. 2003)................................. 11,16

*Greenberg v. Life Ins. Co. of Virginia* 177 F.3d 507 (6th Cir. 1999)........................5

*Handy-Clay v. City of Memphis*, 695 F.3d 531 (6th Cir. 2012) ................................4

*Hensel v. Cargill, Inc.,* 1999 WL 993775 (6th Cir., 10/19/1999), at *4..................16

*In re Forfeiture of Bail Bond*, 496 Mich. 320; 852 N.W.2d 747 (2014)...................9

*Insight Ky. Partners II, L.P. v. Louisville/Jefferson County Metro Gov't*, 2017 WL 1193065 (W.D. Ky., Mar. 30, 2017) ...............................................5

*Javitch v. First Union Sec., Inc.*, 315 F.3d 618 (6th Cir. 2003) ..............................15

*Johnson v. Bd. Of Canvassers*, 509 Mich. 1015; 974 N.W.2d 235 (2022) ..............9

*Joseph and Anita Russell Trust by White v. Russell*, 338 Mich. App. 170; 979 N.W.2d 672 (2021) ...............................................................................8

*Kincaid v. City of Flint*, 311 Mich. App. 76; 874 N.W.2d 193 (2015) ....................9

*Kingdomware Tech., Inc. v. U.S.,* 579 US 162(2016) ...............................................8

*Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003) .........................................13

*NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807 (6th Cir. 2008) ...........................14

*Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498 (6th Cir. 2007) ....................11

*NL Ventures VI Farmington, LLC v. City of Livonia*, 314 Mich. App. 222; 886 N.W.2d 772 (2023) ..............................................9

*Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016) .......................................4

*People v. Lookridge*, 498 Mich. 358; 870 N.W.2d 502 (2015) ................................9

*Peterson v. City of Grand Rapids,* 182 F. Supp.3d 750 (W.D. Mich. 2016)............5

*SBC v. J.T. Crawford, Inc.*, 2007 WL 4200675 (Mich. App., Nov. 27, 2007) ........9

*Solvay Pharms., Inc. v. Duramed Pharms., Inc.,* 442 F.3d 471 (6th Cir. 2006) ......11

*Wilson v. Meijer Great Lakes Ltd. Partnership*, 511 Mich. 1026; 991 N.W.2d 582 (2023)..............................................9

## Other Authorities

*Black's Law Dictionary* (5th ed.)...................................................................9

The American Heritage Dictionary (4th Ed. 2006) ..................................................9

## Rules

Fed. R. Civ. P. 12(b)(6).............................................................. 4, 6, 15, 17

Fed. R. Civ. P. 8(c)(1)....................................................................5

**QUESTIONS PRESENTED**

Background Facts:  1.  Plaintiff SmithGroup, Inc. has sued Defendants Mary Free Bed Rehabilitation Hospital, Inc. and Pure Architecture and Development, PLLC for copyright infringement, alleging they used architectural designs Plaintiff developed under an Agreement between Plaintiff and Mary Free Bed concerning a new hospital expansion project, which Agreement Mary Free Bed terminated.

2.  The Agreement provided that the parties "shall commence all claims and causes of action against each other arising out of or relating to this Agreement" in arbitration with the American Arbitration Association after first attempting mediation, and that they "waive all claims and causes of action not commenced in accordance with this" Agreement.

3.  Plaintiff's copyright claim allegations necessarily refer to the Agreement and is therefore a claim that "arises out of or is related to" the Agreement.

4.  Plaintiff did not commence its copyright claim in accordance with the Agreements' arbitration provision, but instead commenced it by filing the present action.

Question No. 1:  Whether Plaintiff's copyright claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim where Plaintiff waived the claim by not commencing it in accordance with the Agreement's compulsory and mandatory arbitration requirements?

Question No. 2:  Whether, in the alternative to dismissal, the Court should compel Plaintiff to arbitrate its copyright claim and stay this action pending arbitration?

## I.   STATEMENT OF FACTS

### A.   Introduction.

Plaintiff SmithGroup, Inc. has sued Defendants Mary Free Bed Rehabilitation Hospital, Inc. ("Mary Free Bed") and Pure Architecture and Development, PLLC ("Pure Architects") for copyright infringement, alleging that Mary Free Bed and Pure Architects used, without Plaintiff's permission, certain design features it claims to have created for Mary Free Bed's new $60 Million pediatric rehabilitation hospital expansion for the benefit of sick and injured children, and for which the State of Michigan has agreed to contribute over $15 Million and the federal government $3 Million.  Mary Free Bed hired Plaintiff to design the hospital expansion project pursuant to an American Institute of Architects ("AIA") agreement ("the Agreement"), which Mary Free Bed terminated in September, 2023.  Mary Free Bed then retained Pure Architects to prepare the project's design.

Plaintiff alleges Defendants have used its copyrighted design features without permission under the Agreement, and commenced this action for copyright infringement on March 11, 2024. [1]

For the reasons detailed in this Brief, Plaintiff's complaint should be dismissed for failure to state a claim because, in failing to commence it by arbitration

---

[1] Not coincidentally, also on March 11, 2024, Plaintiff commenced an arbitration against Mary Free Bed, asserting that Mary Free Bed breached the Agreement and is required to pay the contract's Termination and License Fee.

as the Agreement requires, it has waived its copyright claim.  Alternatively, Plaintiff should be compelled to arbitrate its copyright claim, and this action should be stayed pending the arbitration.

**B.    Relevant Facts. [2]**

In December, 2022 Mary Free Bed selected Plaintiff to provide architectural and engineering services for the expansion of Mary Free Bed's pediatric rehabilitation hospital.  (R.1, Complaint ¶7)(PageID.3).  On June 5, 2023, Plaintiff and Mary Free Bed entered into a standard American Institute of Architects ("AIA") agreement ("the Agreement") setting out the parties' rights, obligations and duties. (R.1, Complaint ¶8)(PageID.4).  The Agreement is attached as Exhibit 1.

The Agreement set a "Design Kickoff" milestone date of January 2023, and a "Schematic Design Deliverable" date of September 2023.   (R., Complaint ¶9)(PageID.4); (Agreement Section 1.1.4.1).  Those milestones were geared toward a Construction Commencement date of April 2024 (Agreement, Section 1.1.4.2), and Substantial Completion date of March 2026 (Agreement, Section 1.1.4.3).

Mary Free Bed terminated the Agreement on September 8, 2023 (R.1, Complaint ¶20)(PageID.5), and thereafter retained Pure Architects to replace Plaintiff and design the hospital expansion.  (R.1, Complaint ¶24)(PageID.4).

---

[2] Only facts taken from Plaintiff's complaint and the documents referenced in it are discussed in this Brief.

Plaintiff alleges that under Section 7 of the Agreement it "owns all original copyrighted subject matter ("Instruments of Service") authored by" Plaintiff and provided to Mary Free Bed.  (R.1, Complaint ¶11)(PageID.4).

Section 7.3, regarding "Copyrights and Licenses," provides in relevant part:

> The Architect [SmithGroup] grants to Owner [Mary Free Bed] a nonexclusive license to use the Architect's Instruments of Services solely and exclusively for purposes of constructing, using, maintaining, altering and adding to the Project, provided that the Owner substantially performs its obligations under this Agreement, including prompt payment of all sums due pursuant to Article 9 and Article 11.

(Agreement, Section 7.3).

Section 9.7 of the Agreement provides in relevant part:

> . . .[I]f the Owner terminates this Agreement for its convenience, . . . the Owner shall pay to the Architect the following fees:
>
> > .1    Termination Fee:
> >
> > 2% of remaining fee.
> >
> > .2    Licensing Fee if the Owner intends to continue using Architect's Instruments of Service:
> >
> > 8% of total fee.

(Agreement, Section 9.7).

Thus, whether or not Mary Free Bed has a license to use Plaintiff's Registered Works depends upon (i) whether Mary Free Bed has breached the Agreement or (ii)

whether Mary Free Bed required to pay the termination and license fee that is at issue in the pending arbitration mentioned in footnote 1.

Sometime after Mary Free Bed terminated the Agreement, and long after the alleged infringement occurred, Plaintiff applied for a copyright of certain of its Instruments of Service, which was issued March 7, 2024 with an effective date of January 24, 2024.  (R.5.2)(PageID.141).  Plaintiff commenced this action on March 11, 2024 immediately after the copyright issued.

## II.      ARGUMENT

### A.      Standard of Review.

Fed. R. Civ. P. 12(b)(6) "permits a defendant to seek dismissal based on the plaintiff's 'failure to state a claim upon which relief can be granted'." *Peatross v. City of Memphis*, 818 F.3d 233, 239-40 (6th Cir. 2016).

To "survive a motion to dismiss [under Rule 12(b)(6)], a plaintiff must allege 'facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level'." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)(quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Sixth Circuit has expressly held that "[a]lthough a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an

4

analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the defendant is entitled to the meritorious affirmative defense."[3] *Peatross, supra*, 818 F.3d at 240.   *See also Insight Ky. Partners II, L.P. v. Louisville/Jefferson County Metro Gov't*, 2017 WL 1193065 (W.D. Ky., Mar. 30, 2017), at *4 (because "[w]aiver is an affirmative defense," and a "motion to dismiss may be granted based on an affirmative defense when 'the facts conclusively establish the defense as a matter of law,' . . . Defendants may properly assert waiver in their motion to dismiss").

In deciding a motion under Rule 12(b)(6), the court may consider any documents attached to, or referenced in, the complaint.  *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)("[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein").  *See also Greenberg v. Life Ins. Co. of Virginia* 177 F.3d 507, 514 (6th Cir. 1999); *Peterson v. City of Grand Rapids,* 182 F. Supp.3d 750, 756 (W.D. Mich. 2016) (quoting *Bassett*).

---

[3] Under Fed. R. Civ. P. 8(c)(1), waiver is an affirmative defense.

5

The Agreement is referred to throughout Plaintiff's complaint (R. 1, Complaint¶¶ 8-14, 21-22)(PageID.2-6) and is central to Plaintiff's copyright claim. The Agreement can therefore be considered under Rule 12(b)(6).

### B. Plaintiff's Copyright Claim Must Be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because Plaintiff Waived It Under the Agreement.

The Agreement requires that all claims and causes of action arising out of or related to the Agreement shall be commenced in arbitration, and if a party's claim is not commenced in accordance with the Agreement, the party waives that claim. Because Plaintiff did not commence its copyright claim in accordance with the Agreement, it is waived and should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

#### 1. Relevant Agreement Provisions.

Section 8.1.1 of the Agreement provides:

> The Owner and Architect **shall** commence **all claims and causes of action** against the other **arising out of or related to this Agreement**, whether in contract, tort or otherwise, in accordance with the requirements of the binding dispute resolution method selected in this Agreement and within the periods specified by applicable law, but in any case not more than 10 years after the date of Substantial Completion of the Work. ***The Owner and Architect waive all claims and causes of action not commenced in accordance with this Section 8.1.1***.  (emphasis added).

Section 8.2.4 of the Agreement states that "the method of binding dispute resolution shall be . . .  Arbitration pursuant to Section 8.3 of this Agreement."

6

Section 8.3.1 in turn provides that "any claim, dispute or other matter in question arising out of or related to this Agreement . . . shall be subject to arbitration" which "shall be administered by the American Arbitration Association," and the "demand for arbitration shall be made in writing, delivered to the other party to this Agreement and filed with" the American Arbitration Association.

Section 8.3.1.1. provides that a "demand for arbitration shall be made no earlier than concurrently with the filing of a request for mediation" as required by Section 8.2.[4]

### 2.      Relevant Contract Principles.

Michigan's "core principles of contract interpretation" were set out in *Barshaw v. Allegheny Performance Plastics, LLC*, 334 Mich. App. 741; 965 N.W.2d 729 (2020), as follows:

> In interpreting a contract, our obligation is to determine the intent of the contracting parties.  If the language of the contract is unambiguous, we construe and enforce the contract as written.  Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law.  Once discerned, the intent of the parties will be enforced unless it is contrary to public policy.

*Id.* at 748.

---

[4] Section 8.2.1. provides that "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution."

Other "basic principles of contract construction" are to "give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Joseph and Anita Russell Trust by White v. Russell*, 338 Mich. App. 170, 179; 979 N.W.2d 672 (2021).  Moreover, a court must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Id.* (citation omitted).

### 3. Plaintiff Waived Its Copyright Claim By Failing to Assert It in Accordance with the Agreement.

Applying the Agreement's unambiguous terms to Michigan's rules of construction compels the conclusion that Plaintiff waived its copyright claim.

First, Section 8.1.1 of the Agreement provides the parties "*shall* commence all claims and causes of action" arising out of or relating to the Agreement "in accordance with the requirements of the binding dispute resolution method" in Sections 8.2 and 8.3, which is mediation and AAA Arbitration.

The Agreement's use of the term "shall" establishes a mandatory, compulsory, and non-discretionary requirement that all claims and causes of action must be commenced as provided in Section 8.1.1.  S*ee, e.g., Kingdomware Tech., Inc. v. U.S.,* 579 US 162, 172 (2016) ("it is generally clear that 'shall' imposes a mandatory duty"); *Arabian Motors Group W.L.L. v. Ford Motor Co.,* 19 F.4th 938, 942 (6th Cir. 2021)("it is axiomatic that the mandatory term 'shall' typically "creates an obligation impervious to judicial discretion'"); *People v. Lookridge*, 498 Mich.

8

358, 388; 870 N.W.2d 502 (2015)("[a]s we have stated many times, 'shall' indicates a *mandatory* directive")(emphasis in original); *In re Forfeiture of Bail Bond*, 496 Mich. 320, 327; 852 N.W.2d 747 (2014) ("'[s]hall' is a mandatory term, not a permissive one"); *Wilson v. Meijer Great Lakes Ltd. Partnership*, 511 Mich. 1026, 1028, 991 N.W.2d 582 (2023)("the word 'shall' generally 'indicates a mandatory and imperative directive'"); *Johnson v. Bd. Of Canvassers*, 509 Mich. 1015; 974 N.W.2d 235 (2022)("use of 'shall' indicates a mandatory act");  *NL Ventures VI Farmington, LLC v. City of Livonia*, 314 Mich. App. 222, 230; 886 N.W.2d 772 (2023) ("[t]his Court has long and consistently held that *shall* is a mandatory directive"); *Bailey v Antrim County,* 341 Mich. App. 411, 421; 990 N.W.2d 372 (2022)("use of the word 'shall' denotes mandatory action").

Second, "the plain and ordinary meaning of the word 'commence' is 'to begin; start,' and 'begin' is defined as 'to take the first step in performing an action'." *Kincaid v. City of Flint*, 311 Mich. App. 76, 89; 874 N.W.2d 193 (2015).  Moreover the "word 'initiate' is a synonym of the word 'commence'."  *Id.* (quoting *Fast Air, Inc. v. Knight,* 235 Mich. App. 541, 544; 599 N.W.2d 489 (1999) (citing *Black's Law Dictionary* (5th ed.)).  *See also SBC v. J.T. Crawford, Inc.*, 2007 WL 4200675 (Mich. App., Nov. 27, 2007) at *5 (the "plain, ordinary definition [of 'commence'] is 'to begin, start'," and "['b]egin is defined as 'to take the first step in performing an action'")(citing The American Heritage Dictionary (4th Ed. 2006)).

9

The Agreement unambiguously requires Plaintiff to commence (i.e., "take the first step", "initiate," "begin," or "start") its copyright claim in arbitration, which it failed to do.

Third, the parties expressly agreed that the consequence of failing to follow the Agreement's mandatory requirements is waiver of the claim or cause of action. Again, Section 8.1.1 of the Agreement unambiguously and without exception or limitation states:

> The Owner and Architect waive all claims and causes of action not commenced in accordance with this Section 8.1.1.

It is beyond peradventure that Plaintiff decided not to commence its copyright claim in accordance with Section 8.1.1 of the Agreement.  It instead commenced it by filing the present action on March 11, 2024, rather than by asserting it in accordance with the Agreement's mandatory mediation and arbitration provisions under Sections 8.2 and 8.3.

Fourth, Section 8.1.1 requires mediation and arbitration of "all claims and causes of action" one party has against the other "*arising out of or related to this Agreement*, whether in contract, tort or otherwise."  (emphasis added).  Plaintiff's copyright claim without question arises out of or is related to the Agreement.

The Agreement has a broad-scope arbitration clause which, as a matter of law, encompasses Plaintiff's copyright claim.

10

The Sixth Circuit held is *Solvay Pharms., Inc. v. Duramed Pharms., Inc.,* 442 F.3d 471 (6th Cir. 2006), that "[w]hen faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration."  *Id.* at 482, n.10.  Moreover, "in such a case, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from" the scope of the arbitration clause.  *Id.*

A copyright claim "arises out of or relates to" an agreement, and is within the scope of a broad arbitration clause, where the claim cannot be maintained without reference to the agreement that contains the arbitration clause.  *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 505 (6th Cir. 2007) (claim is outside scope of arbitration clause only "if an action can be maintained without reference to the contract or relationship at issue")(citing *Fazio v Lehman Bros., Inc.,* 340 F.3d 386, (6th Cir. 2003) (arbitration clause covering "any controversy or claim arising out of or relating to this contract" "encompasses all claims which touch upon matters covered by the agreement")).

Plaintiff's complaint for copyright infringement is rife with allegations concerning the Agreement, and the Agreement is crucial to Plaintiff's copyright claim.  (See R.1, Complaint ¶¶9-14, 21-22)(PageID.4-6).  For example, Plaintiff's copyright claim depends upon allegations that Mary Free Bed terminated the

Agreement for convenience, not for cause, and breached its contractual obligation to pay Plaintiff a Termination Fee or License Fee.  Plaintiff's complaint alleges:

> 20.  On September 8, 2023, Mary Free Bed exercised its right to terminate the Architecture Agreement with SmithGroup for convenience.[5]

> 21.  On September 11, 2023, SmithGroup informed Mary Free Bed of its obligation to pay, pursuant to Section 9.6 of the Architecture Agreement, (1) the amount due for services preformed prior to termination, and (2) the Termination Fee.

> 22.  Mary Free Bed did not agree to pay SmithGroup the Licensing Fee set forth in Section 9.7 of the Architecture Agreement authorizing Mary Free Bed to continue using SmithGroup's Instruments of Service.  Thus, upon Mary Free Bed's termination of the Architecture Agreement, Mary Free Bed had no right to continue using SmithGroup's copyrighted Instruments of Service.

> * * *

> 26.  SmithGroup's [sic] registered its copyrights in its Instruments of Service for the Mary Free Bed pediatric rehabilitation expansion project.
> * * *

> 40.  As of at least September 8, 2023, Mary Free Bed and Pure Architects were not authorized to copy, reproduce, prepare derivative works based upon, or distribute the SmithGroup's Registered Works [defined in ¶29 of the complaint as the registered copyrights in the Instruments of Service].

---

[5] Mary Free Bed denies that it terminated the Agreement for convenience, but instead terminated it for cause.  That question need not be decided in this Motion, but is asserted to show that Plaintiff's copyright claim requires reference to, and resolving questions about, the parties' performance under the Agreement.

> 41. Pure Architects and Mary Free Bed, through their unauthorized use of the Registered Works, knowingly and willfully infringed and continue to infringe SmithGroup's exclusive copyrights in the Registered Works in violation of 17 U.S.C. §501 *et seq.*

(R.1, Complaint ¶¶ 20-22, 26, and 40-41)(PageID.5-7, 11).   See also R.1, Complaint ¶¶8-14 (PageID.4-5), making allegations about the contents of the Agreement relevant to Plaintiff's copyright claim.

Plaintiff's complaint makes clear that its copyright infringement claim depends upon whether Mary Free Bed breached the Agreement and has used the Registered Works without authorization.

Moreover, absent evidence of direct copying, a copyright plaintiff must "establish an inference of copying by showing (1) access to the allegedly – infringed work by the defendant and (2) a substantial similarity between the two works at issue." *Kohus v. Mariol*, 328 F.3d 848, 853-54 (6th Cir. 2003).   Plaintiff alleges Defendants gained access of the allegedly-infringed copyrighted work under the Agreement (R.1, Complaint, ¶¶16-19)(PageID.5), making the Agreement and the parties' relationship under it central to Plaintiff's copyright claim.

In short, Plaintiff's copyright claim cannot be maintained independently of the Agreement and the parties' alleged performance (or non-performance) under it. The copyright claim therefore "arises out of" and is "related to" the Agreement and,

as such, is within the scope of the Agreement's mandatory mediation and arbitration provisions.

On facts indistinguishable from this matter, the Sixth Circuit held in *NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807 (6th Cir. 2008), that the plaintiff's copyright claim was subject to arbitration because it was a claim "arising out of or relating to" an agreement between the parties.  The Sixth Circuit explained:

> [Plaintiff] could not maintain a copyright infringement claim against [Defendant] without referencing the 1998 Agreement [containing the arbitration clause].  While a court would not need to reference the 1998 Agreement to determine if [Plaintiff] owns a copyright for APTRA XFX, a court would need to reference the Agreement to determine what, if any, authorization [Plaintiff] provided to [Defendant] with respect to the APTRA XFS software contained on the ATM that [Plaintiff] loaned to [Defendant] under the 1998 Agreement.

*Id.* at 814.  Exactly as in the present case, in *NCR*:

> In its Amended Complaint [Plaintiff] alleged that "in each such instance [of operating and accessing APTRA XFS software on [Plaintiffs] ATM], [Defendant's] copying [of the software] was not licensed or otherwise authorized by [Plaintiff] or any other party."  To determine whether [Defendant] lawfully copied APTRA XFS, by for instance obtaining a license or [Plaintiff's] authorization, a court must examine and possibly construe or interpret the terms of the 1998 Agreement and its exhibits.

*Id.* at 814-15.

The Sixth Circuit succinctly concluded:

14

> It is sufficient that a court would have to reference the 1998 Agreement for part of [Plaintiff's] direct infringement claim. Under these circumstances, we find that the copyright infringement claim as to APTRA XFS falls within the scope of the arbitration agreement.

*Id.* at 815.

In summary, Plaintiff's copyright claim is a claim "arising out of or related to" the Agreement. Section 8.1.1 requires that "all claims and causes of action . . . arising out of or related to this Agreement *shall*" be "commence[d] . . . in accordance with the requirements of the" Agreement's mediation and arbitration provisions, and the parties "waive all claims and causes of action not commenced in accordance with this Section 8.1.1." Because Plaintiff chose not to commence its copyright claim in accordance with Section 8.1.1, Plaintiff has waived it under the Agreement's unambiguous terms, and it should be dismissed under Fed. R. Civ. P. 12(b)(6).

## C.   Alternatively, If Not Dismissed Plaintiff's Copyright Claim Must Be Arbitrated.

In the event the Court denies the present Motion to Dismiss for the preceding reasons, Defendants in the alternative move to compel arbitration, and to stay this action pending such arbitration.

Under *Javitch v. First Union Sec., Inc.*, 315 F.3d 618 (6th Cir. 2003), "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Id.* at 625. The court "must engage in a limited review to determine whether a dispute is

arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Id.* at 624.

### 1.   A valid agreement to arbitrate exists.

There is no question there is a valid agreement to arbitrate.  Section 8.1 of the Agreement sets out the unambiguous mediation and arbitration procedures to which Plaintiff agreed.

### 2.   Plaintiff's copyright claim is within the scope of the agreement to arbitrate.

For all of the reasons set out in section II(B)(3) at 10-15, *supra*, Plaintiff's copyright claim "arises out of or is related to" the Agreement.  It is therefore squarely within the scope of the Agreement's arbitration provision

### 3.   The present action should be stayed pending arbitration.

If the court determines a claim is covered by an agreement to arbitrate, Section 3 of the Federal Arbitration Act provides that "it must stay the proceedings until the arbitration process is complete." *Fazio, supra,* 340 F.3d at 392(citing 9 U.S.C. §3). Where a complaint includes multiple claims, the Sixth Circuit has held that "[u]nder §3 of the FAA, if any separate claim is referred to arbitration, then a stay of proceedings on the remaining claims is mandatory." *Hensel v. Cargill, Inc.,* 1999 WL 993775 (6th Cir., 10/19/1999), at *4. *See also Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (6th Cir. 1992).

Plaintiff's copyright claim against both Defendants is contingent upon whether Mary Free Bed breached the Agreement, or whether Mary Free Bed retained a nonexclusive license to use the material which is the very issue Plaintiff has asserted in its pending arbitration demand.  If Mary Free Bed is found to have not breached the Agreement and has a non-exclusive license, neither Defendant in this action can be liable for copyright infringement.  Therefore, if the Court declines to dismiss the claim under Rule 12(b)(6), it should at a minimum stay this action as to all parties pending completion of arbitration.

### III.    CONCLUSION

Based on the allegations and documents attached to Plaintiff's complaint, Plaintiff fails to state a claim for copyright infringement because it waived that claim by not commencing it in accordance with the Agreement, and the complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).  Alternatively, this action should be stayed pending arbitration of the copyright claim.

By:    /s/ K. Scott Hamilton
       K. Scott Hamilton
       John G. Cameron
       Christopher A. Cornwall
       Attorneys for Defendants
       500 Woodward Avenue, Suite 4000
       Detroit, MI  48226
       (313) 223-3500
       KHamilton@dickinsonwright.com
       JCameron@dickinsonwright.com
Dated: March 28, 2024    CCornwall@dickinsonwright.com

17

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to W.D. Mich. L.R. 7.2(b)(ii), based on the word processing software used to create this document, Microsoft Word 2016, the number of words, excluding the case caption, cover sheet, table of contents, table of authorities, signature blocks and exhibits, is 4,781, within the word limit of L.R. 7.2(b)(i).


By:   /s/  *K. Scott Hamilton*
      K. Scott Hamilton


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.


/s/  K. Scott Hamilton
K. Scott Hamilton