UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SMITHGROUP, INC.,

    Plaintiff,

v.

CASE NO. 1:24-cv-249

HON. ROBERT J. JONKER

PURE ARCHITECTURE AND
DEVELOPMENT, PLLC d/b/a Pure
Architects, and MARY FREE BED
REHABILITATION HOSPITAL, INC.,
A Michigan Corporation,

    Defendants.
_____/

## ORDER SETTING BRIEFING SCHEDULE

Plaintiff SmithGroup had a standard AIA contract with defendant Mary Free Bed for work on expanding the hospital's pediatric facility. Plaintiff says Mary Free Bed terminated the contract and substituted a new architect, defendant Pure Architecture, to take over the job. Defendants report that there is already an arbitration proceeding pending on the contract termination issues. In this lawsuit, SmithGroup says both defendants are infringing its copyrighted drawings by continuing to use and publish them as the project continues without SmithGroup's consent. Plaintiff has filed a Motion for Preliminary Injunction. ECF No. 9. Defendants have filed a Motion to Dismiss, or alternatively, to Compel Arbitration. ECF No. 12.

The Motion for Preliminary Injunction and the Motion to Dismiss are subject to this Court's local rules on dispositive motions, which sets a 28-day response deadline and the opportunity for a reply brief within 14 days thereafter. Local Rule (W.D. Mich.) 7.2(a), (c). The

Motion to Compel arbitration is not dispositive and is subject to a 14-day response deadline with no opportunity for reply. Local Rule (W.D. Mich.) 7.3(a), (c). Both schedules are subject to modification by the Court. The Court modifies the schedule as follows:

1. Plaintiff's response deadline for the defendants' Motion to Compel Arbitration (embedded in ECF No. 12) is April 15, 2024. Defendants may, but are not required to, file a Reply not later than April 26, 2024.

2. Defendants' response deadline for the plaintiff's Motion for Preliminary Injunction (ECF No. 9), and Plaintiff's response deadline for defendants' Motion to Dismiss (ECF No. 12) is April 29, 2024. Reply briefs are due not later than May 10, 2024.

The Court observes that the arbitration clause in the AIA contract at issue appears to be broad and unqualified, at least with respect to SmithGroup and Mary Free Bed. Nor does it appear to include any exceptions for requesting emergent relief outside of arbitration. In this respect, it would seem at first blush to present a very similar case for mandatory arbitration as this Court recently found in *Mad Mobile, Inc. v. Meijer Great Lakes Limited Partnership*, ___ F.Supp.3d ___, 2023 WL 9601660 (Nov. 15, 2023). The Court recognizes that defendant Pure Architecture did not sign the agreement, but the allegations of the Complaint appear to make it very clear that whatever alleged misuse Pure Architecture is making of SmithGroup's copyrighted works arise directly out of the work for Mary Free Bed on the project covered by the AIA contract at issue, which may be enough to bring the claims against Pure Architecture within the scope of the arbitration clause. The parties are encouraged to address these issues specifically in their briefing on arbitration, along with whatever other matters they believe are important to the Court's consideration of the issues.

**IT IS SO ORDERED**.

Date: March 29, 2024        /s/ Robert J. Jonker
                            ROBERT J. JONKER
                            UNITED STATES DISTRICT JUDGE