UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SMITHGROUP, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **PURE ARCHITECTURE AND DEVELOPMENT, PLLC** d/b/a Pure Architects, and **MARY FREE BED REHABILITATION HOSPITAL, INC.**, a Michigan corporation, <br><br> Defendants. | Case No. 1:24-cv-249-RJJ-RSK <br><br> **JURY TRIAL DEMANDED** |

# SMITHGROUP'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

## **CONCISE STATEMENT OF THE ISSUES**

1. Should the court compel SmithGroup to arbitrate its copyright infringement claim against Pure Architects where SmithGroup and Pure Architects are not parties to a mutual agreement to resolve their legal disputes through arbitration, and where the Supreme Court and the Sixth Circuit have held that parties lacking contractual arbitration commitments are not required to arbitrate their disputes?

    - *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).
    - *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir.2006).

    **SmithGroup Answers:** No.

2. Should the court compel SmithGroup to arbitrate its copyright infringement claim against Mary Free Bed where SmithGroup filed a motion for preliminary injunction to maintain the status quo and prevent irreparable harm, and where the Sixth Circuit has held "the district court erred as a matter of law when it found that it could not enter preliminary injunctive relief in this case because the dispute between the parties was the subject of mandatory arbitration"?

    - *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995).

    **SmithGroup Answers:** No.

i

## **TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES .................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... iii

I.     INTRODUCTION ............................................................................................................. 1

II.    ARGUMENT ..................................................................................................................... 2

        A.     The Court should deny Defendants' motion to compel arbitration of SmithGroup's claim for copyright infringement against Pure Architects because Pure Architects and SmithGroup have not agreed to arbitration .............. 2

        B.     The Court should deny Defendant's motion to compel arbitration of SmithGroup's claim against Mary Free Bed to resolve SmithGroup's motion for preliminary injunction ........................................................................ 6

III.   CONCLUSION ................................................................................................................. 9

# **TABLE OF AUTHORITIES**

## Cases

*Albert M. Higley Co. v. N/S Corp.*,
    445 F.3d 861 (6th Cir.2006) ............................................................................................ 3

*Alford v. Dean Witter Reynolds, Inc.*,
    975 F.2d 1161 (5th Cir. 1992) ........................................................................................ 6

*E.E.O.C. v. Waffle House, Inc.*,
    534 U.S. 279 (2002) .................................................................................................... 3, 4

*Fazio v. Lehman Bros., Inc.*,
    340 F.3d 386 (6th Cir. 2003) .......................................................................................... 5

*Hensel v. Cargill, Inc.*,
    198 F.3d 245, 1999 WL 993775 (6th Cir., Oct. 19, 1999) ............................................. 6

*NCR Corp. v. Korala Assocs., Ltd.*,
    512 F.3d 807 (6th Cir. 2008) .......................................................................................... 5

*Nestle Waters N. Am., Inc. v. Bollman*,
    505 F.3d 498 (6th Cir. 2007) .......................................................................................... 5

*Performance Unlimited, Inc. v. Questar Publishers, Inc.*,
    52 F.3d 1373 (6th Cir. 1995) .......................................................................................... 7

*Simon v. Pfizer Inc.*,
    398 F.3d 765 (6th Cir.2005) ........................................................................................... 3

*Solvay Pharms., Inc. v. Duramed Pharms., Inc.*,
    442 F.3d 471 (6th Cir. 2006) .......................................................................................... 4

*Stout v. J.D. Byrider*,
    228 F.3d 709 (6th Cir. 2000) .......................................................................................... 2

## Statutes

17 U.S.C. §501 ................................................................................................................ 1, 4
28 U.S.C. §1338(a) ......................................................................................................... 1, 4

## Other Authorities

9 USCA §§3-4 ..................................................................................................................... 3

## I.    INTRODUCTION

On March 28, 2024, Defendants Pure Architecture and Development, PLLC ("Pure Architects") and Mary Free Bed Rehabilitation Hospital, Inc. ("Mary Free Bed") filed a Motion to dismiss the complaint of Plaintiff SmithGroup, Inc. ("SmithGroup"), or alternatively, to compel arbitration. (ECF No. 12.) In its March 29, 2024 Order Setting Briefing Schedule, the Court instructed SmithGroup to respond to Defendants' alternative request to compel arbitration first, by is April 15, 2024, and to respond to Defendants' motion to dismiss second, by April 29, 2024. (ECF No. 14, PageID.416.)

The Court should deny Defendants' alternative motion to compel arbitration. As a threshold matter, neither Defendant disputes it has used, and continues to use, SmithGroup's copyrighted materials and derivatives thereof to design and construct a hospital expansion for Mary Free Bed.[1]

The Court should deny the motion to compel arbitration of SmithGroup's copyright infringement claim against Pure Architects because SmithGroup and Pure Architects have not agreed to resolve their legal disputes through arbitration. Defendants' motion ignores the impact of this dispositive fact. As the Supreme Court and the Sixth Circuit have held, parties lacking a mutual arbitration agreement may resolve their legal disputes through the courts as Congress has allowed. Defendants cite no authority for revoking SmithGroup's statutory right to pursue its copyright infringement claim against Pure Architects in this federal Court pursuant to 28 U.S.C. §1338(a) and 17 U.S.C. §501.

The Court should deny the motion to compel arbitration of SmithGroup's copyright infringement claim against Mary Free Bed, at least until the Court resolves SmithGroup's motion

---

[1] Defendants' motion disputes *other* allegations in the complaint, but not the allegation that Defendants used SmithGroup's copyrighted material after SmithGroup was terminated.

1

for preliminary injunction, to maintain the status quo and prevent ongoing irreparable harm to SmithGroup. The Sixth Circuit has held that district courts retain jurisdiction over a motion for preliminary injunction despite the parties' agreement to arbitrate, and that it is error to deny such a motion on the basis of such an agreement.

For these reasons, and as explained in more detail below, the Court should deny Defendants' motion to compel arbitration and stay these proceedings.

## II. ARGUMENT

**A.  The Court should deny Defendants' motion to compel arbitration of SmithGroup's claim for copyright infringement against <u>Pure Architects</u> because Pure Architects and SmithGroup have not agreed to arbitration**

"When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Defendants agree:

> Under *Javitch v. First Union Sec., Inc.*, 315 F.3d 618 (6th Cir. 2003), "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine ***whether the parties agreed to arbitrate the dispute at issue***." *Id.* at 625.

(ECF No. 12, PageID.203.)

Defendants assert "a valid agreement to arbitrate exists," but overlook the fact that Pure Architects is ***not*** a party to it. (ECF No. 12, PageID.204.) The "Claims and Disputes" provisions in the agreement (Section 8) references and binds only the "parties," *i.e.*, SmithGroup and Mary Free Bed. (ECF No. 12-1, PageID.227-228.) Section 8 makes no reference to claims involving third parties. Section 10.5 expressly confirms the AIA agreement, including is arbitration provision, does ***not*** extend to any "third party":

> ***Nothing contained in this Agreement shall create a contractual relationship with***, or a cause of action in favor of, ***a third party*** against either the Owner or Architect.

(ECF No. 12-1, PageID.230.)

In the Sixth Circuit, "the federal policy in favor of arbitration is not an absolute one. Arbitration under the Federal Arbitration Act is 'a matter of consent, not coercion." *See Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir.2006). "This Court has recently stated that 'no matter how strong the federal policy favors arbitration, arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" *Id.* quoting *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir.2005).[2]

The Federal Arbitration Act ("FAA") governs arbitration pursuant to the "contract" or "agreement" between the "parties" thereto. 9 USCA §§3-4. The FAA "does not require parties to arbitrate when they have not agreed to do so." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).

Consistent with the AIA agreement and the FAA, the American Arbitration Association's Construction Industry Arbitration Rules (the rules governing the arbitration in this case) recognize that the arbitration is between the "parties" to the "agreement."

> ***When parties agree*** to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, ***they thereby authorize*** the AAA to administer the arbitration.

(Ex. A, Construction Industry Arbitration Rule R-2, "AAA and Delegation of Duties.") And the "remedy or relief" available to the claimant in an arbitration proceeding under these rules is

---

[2] Unless otherwise indicated, all emphasis is added.

limited to "*the scope of the agreement of the parties*." (Ex. A, Construction Industry Arbitration Rule R-48, "Scope of Award.")

Thus, neither the AIA agreement, the FAA, nor the applicable AAA Construction Industry Arbitration Rules, requires SmithGroup's federal claim for copyright infringement against Pure Architects pursuant 28 U.S.C. §1338(a) and 17 U.S.C. §501 to be resolved through arbitration.

In its Order Setting Briefing Schedule on Defendants' motion, the Court noted:

> The Court recognizes that defendant Pure Architecture did not sign the agreement, but the allegations of the Complaint appear to make it very clear that whatever alleged misuse Pure Architecture is making of SmithGroup's copyrighted works arise directly out of the work for Mary Free Bed on the project covered by the AIA contract at issue, **which may be enough to bring the claims against Pure Architecture within the scope of the arbitration clause**.

(ECF No. 14, PageID.416.)

But as explained above, there is no contractual, statutory or legal basis for revoking SmithGroup's right to pursue its federal claim for copyright infringement against Pure Architects in this Court. In *E.E.O.C. v. Waffle House*, the Supreme Court held that parties who have not agreed to arbitrate shall not be compelled to do so – even when one of the parties (but not the other) is subject to an arbitration requirement relating to the dispute. 534 U.S. at 293-294 ("Here there is no ambiguity. No one asserts that the EEOC is a party to the contract, or that it agreed to arbitrate its claims. ***It goes without saying that a contract cannot bind a nonparty.***")

Defendants ignore the fact that Pure Architects is not a party to the AIA agreement and cite no authority supporting their argument that SmithGroup's claim against Pure Architects is subject to arbitration. Defendants cite several cases, but *none* addresses the issue here.

Defendants cite *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 475-476 (6th Cir. 2006). In that case, the Sixth Circuit held that "[a]rbitration is a matter of contract" by

4

and between the "parties to contract," and that an arbitrator impermissibly exceeds his authority when he "imposes additional requirements not expressly provided for in the agreement." In the present case, the AIA agreement includes no language affording the arbitrator the authority to resolve questions of arbitrability, and SmithGroup urges this Court to find, for the reasons stated herein, that SmithGroup's claim for copyright infringement against Pure Architects is *not* subject to arbitration by operation of the AIA agreement.

Defendants cite *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 505 (6th Cir. 2007), in which the Sixth Circuit affirmed the district court's decision to deny a motion to compel arbitration and stay the parallel litigation proceedings. "Before compelling arbitration, a court must determine whether a dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." (Quotations and citations omitted.) The issue in *Nestle* was which of two agreements between the parties (a "Deed" and a "Purchase and Sale Agreement") governed the resolution of disputes between the parties – not whether a claim against a third-party was subject to the parties' arbitration agreement. *Nestle*, 505 F.3d at 503.

Defendants cite *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386 (6th Cir. 2003), but that case concerned whether the at-issue arbitration agreements were valid, not whether the agreements extended to disputes between two parties who did not sign an arbitration agreement.

Defendants cite *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807 (6th Cir. 2008), which holds that a claim for copyright infringement is arbitrable where such a claim could not be maintained without referencing the at-issue arbitration agreement between the parties. Defendants omit the distinguishing fact that, in *NCR*, the copyright claim was between the two parties to the arbitration agreement. In the present case, in contrast, SmithGroup asserts a

5

copyright infringement claim against Pure Architects who is indisputably *not* a party to the AIA agreement. Said another way, SmithGroup's copyright claim against Pure Architects would proceed even if the AIA agreement did not exist. Thus, SmithGroup *could* (and does) maintain its copyright claim against Pure Architects without reference to the AIA agreement.

Finally, Defendants cite *Hensel v. Cargill, Inc.*, 198 F.3d 245, 1999 WL 993775, *4 (6th Cir., Oct. 19, 1999) and *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) for the holding that, if one claim is subject to arbitration, *other* claims in the litigation should be stayed. But once again, those cases apply where multiple claims are asserted between parties to an arbitration agreement – not against third parties. Like the other cases Defendants cite, *Hensel* and *Alford* do not apply to cases concerning claims against a party who has not entered into an arbitration agreement.

In summary, SmithGroup cites authority holding, consistent with the FAA, that the obligation to arbitrate disputes in lieu of litigation arises from *contract*, and as such cannot bind third parties. Without such a contractual commitment to arbitrate its disputes with Pure Architects, SmithGroup may pursue its copyright claim against them in federal court as it has done. Defendants, in contrast, cite no authority supporting their assertion that Pure Architects is subject to the arbitration provisions of the AIA agreement between SmithGroup and Mary Free Bed. For this reason, the Court should deny Defendants' motion to compel arbitration of SmithGroup's copyright claim against Pure Architects.

**B.     The Court should deny Defendant's motion to compel arbitration of SmithGroup's claim against <u>Mary Free Bed</u> to resolve SmithGroup's motion for preliminary injunction**

The Court should deny Defendant's motion to compel arbitration of SmithGroup's claim against Mary Free Bed so this Court may resolve SmithGroup's pending motion for preliminary injunction. In the Sixth Circuit, "[a] district court can issue a preliminary injunction under § 3 of

6

the Federal Arbitration Act, 9 U.S.C. § 3 (1982), when the parties to th[e] action ha[d] agreed that arbitration 'shall be the sole and exclusive remedy for resolving any disputes between the parties arising out of or involving [the] Agreement' sued upon" to maintain the status quo while the arbitration proceeds:

> After a thorough review of the relevant case law, we adopt the reasoning of the First, Second, Third, Fourth, Seventh, and arguably the Ninth, Circuits and hold that ***in a dispute subject to mandatory arbitration under the Federal Arbitration Act, a district court has subject matter jurisdiction under § 3 of the Act to grant preliminary injunctive relief provided that the party seeking the relief satisfies the four criteria which are prerequisites to the grant of such relief.*** We further conclude that a grant of preliminary injunctive relief pending arbitration is particularly appropriate and furthers the Congressional purpose behind the Federal Arbitration Act, where the withholding of injunctive relief would render the process of arbitration meaningless or a hollow formality because an arbitral award, at the time it was rendered, "could not return the parties substantially to the status quo ante."

*Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995).

*Performance Unlimited* was a case of first impression in the Sixth Circuit, confronting the same issue here:

> This is a case of first impression in this circuit involving the question of whether a district court can issue a preliminary injunction under § 3 of the Federal Arbitration Act, 9 U.S.C. § 3 (1982), when the parties to this action have agreed that arbitration "shall be the sole and exclusive remedy for resolving any disputes between the parties arising out of or involving [the] Agreement" sued upon.

*Id.* at 1375.

The AIA agreement in this case concerns similar language to that in *Performance Unlimited*, requiring arbitration for "any claim, dispute or other matter in question arising out of or related to this Agreement." (ECF No. 12-1, PageID.228 at Section 8.3.1.) In *Performance Unlimited*, the Sixth Circuit held "the district court erred as a matter of law when it found that it could not enter preliminary injunctive relief in this case because the dispute between the parties was the subject of mandatory arbitration." *Performance Unlimited*, 52 F.3d at 1380. The Sixth

7

Case 1:24-cv-00249-RJJ-RSK   ECF No. 15, PageID.429   Filed 04/15/24   Page 12 of 14

Circuit also held the district court abused its discretion when it determined Performance had not satisfied the four factors necessary for the grant of a preliminary injunction. *Id.* at 1381. The Sixth Circuit reversed and entered the requested injunctive relief. *Id.*

SmithGroup has come to this Court for preliminary injunctive relief to maintain the status quo associated with SmithGroup's registered copyrights. As explained in more detail in SmithGroup's motion for preliminary injunction, SmithGroup requests simply that the Defendants stop using SmithGroup's statutorily-protected copyrights and derivatives thereof. *See, e.g.*, 17 USC 106 (1) and (2). Defendants are free to use their ***independently-created*** architecture for the hospital expansion, provided it is premised upon their own creativity and not a statutorily-protected derivative of SmithGroup's copyrights. Defendants refuse to agree to such common-sense relief because they know they have used, and continue to use, SmithGroup's copyrights. So long as Defendants proceed to design and construct commercial building structures using SmithGroup's copyrighted subject matter without authorization, SmithGroup will continue to suffer the irreparable harm outlined in SmithGroup's motion for preliminary injunction.

For these reasons, the Court should deny Defendants' request to compel arbitration of SmithGroup's copyright infringement claim, including its request for preliminary injunction, against Mary Free Bed.

### III. CONCLUSION

For the above reasons, the Court should deny Defendants' motion to compel arbitration on SmithGroup's copyright infringement claims against Pure Architects and Mary Free Bed.

Date: <u>April 15, 2024</u>

**BROOKS KUSHMAN P.C.**

<u>*/s/ John S. LeRoy*</u>
John S. LeRoy (P61964)
Reza Roghani Esfahani (P83787)
**BROOKS KUSHMAN P.C.**
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: (248) 358-4400
Fax: (248) 358-3351
Email: jleroy@brookskushman.com
       resfahani@brookskushman.com

9

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of LCivR 7.2(b)(i) of the United States District Court for the Western District of Michigan.  The brief contains 2,421 words, excluding the parts of the brief exempted by LCivR 7.2(b)(i).

This brief complies with the typeface requirements of the type style requirements of LCivR 10.1.  The brief has been prepared in a proportionally spaced typeface using Microsoft® Word 2010 and Times New Roman typeface, 12-point.

*/s/ John S. LeRoy*